UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEQUAN BRIGGS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CAUSE NO.  3:22cr5 DRL
                    3:25cv36 DRL

OPINION AND ORDER

Dequan Briggs filed a *pro se* petition to vacate his sentence under 28 U.S.C. § 2255[1] and a motion to appoint counsel. The government responded. No reply came. Being ripe for decision, the court now denies the petition.

BACKGROUND

On November 2, 2023, Mr. Briggs pleaded guilty without a plea agreement to unlawfully possessing a firearm as a felon [25]. *See* 18 U.S.C. § 922(g)(1). He was sentenced in February 2024 to a 70-month term of imprisonment [37]. He never appealed. The court has denied two motions for compassionate release.

Officers found Mr. Briggs, who was wanted for violating his federal supervised release, in a car while searching for another wanted individual [29]. The vehicle attempted to leave the scene but was boxed in by police. Officers obtained a search warrant. Inside the vehicle, they found a stolen and loaded handgun with an extended magazine, twenty grams of cocaine, six grams of

---

[1] Mr. Briggs also submitted an amended petition [55]. The amended petition differs from the first only in that it is submitted on Bureau of Prisons letterhead. It merely lists three of the four grounds for relief as the initial petition—but no supporting facts—so the court will treat them together and cite Mr. Briggs's first petition in this order.

methamphetamine, a large amount of cash, and a substance resembling marijuana. This was his second § 922(g)(1) conviction and sixth felony overall.

The court construes Mr. Briggs's *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). His § 2255 petitions include several grounds for relief. He says § 922(g)(1) is unconstitutional, the search of the car violated his constitutional rights, his counsel was ineffective for failing to raise § 922(g)(1)'s unconstitutionality and the impropriety of the search, and his sentence incorrectly accounts for a juvenile conviction.

## STANDARD

In extraordinary situations, the court may vacate, set aside, or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-67 (7th Cir. 2005). The writ of *habeas corpus* is secured by the United States Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. Historically, criminal defendants subject to a final conviction were entitled to such relief only if the court that rendered the judgment lacked jurisdiction. *Ex parte Watkins*, 28 U.S. 193, 202 (1830). The writ has since been expanded to provide prisoners relief from various violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272 (2008); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). This writ is not a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

When reviewing a § 2255 petition, the court examines the petition and the entire record. The court will hold an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief. *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016); *see also* 28 U.S.C. § 2255(b). Allegations that prove merely "vague, conclusory, or palpably incredible" rather

than detailed and specific won't suffice. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Likewise, when the petition and records conclusively show the petitioner isn't entitled to relief, the court needn't hold an evidentiary hearing. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). That is the case here.

DISCUSSION

A.    *Mr. Briggs's Bruen Argument is Without Merit.*

Mr. Briggs first argues his conviction should be vacated because § 922(g)(1), his statute of conviction, is unconstitutional as applied to him because he is a non-violent offender. This argument is procedurally defaulted because he failed to raise this argument at trial or on appeal and because he cannot show any prejudice (much less actual innocence). *See McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016).

Even on the merits, his argument falls short. He references the decision in *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022). The court has wrestled with the *Bruen* analysis several times by now. More to the point, the court has upheld § 922(g)(1)'s constitutionality under *Bruen*'s historical analysis, and Mr. Briggs offers no reason to reconsider that decision. *See United States v. Regalado*, 709 F. Supp.3d 619, 623 (N.D. Ind. 2023). It equally applies here.

Nor does he fit within the compass of postulated individuals who even conceivably could mount a challenge. *See United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024). A six-time felon, Mr. Briggs has been convicted for illegal firearm possession (now twice), assault, aggravated assault, cocaine possession, and larceny with a weapon. The conviction he challenges here involved drugs, attempted flight, and a stolen firearm with an extended magazine. In its sentencing memorandum, the court noted that "drugs and violence surround his history and make his continued possession of firearms more worrisome still" [38]. Nothing in *Bruen* changed the government's power to

protect the public by disarming Mr. Briggs or someone with his violent record. *See also United States v. Wigfall*, 677 F. Supp.3d 791, 796 (N.D. Ind. 2023) ("no constitutional problem with separating guns from drugs") (citation omitted). His conviction for unlawful possession of a firearm is thus not constitutionally infirm.

B.     *The Search Didn't Violate Mr. Briggs's Rights and Such Argument is Waived.*

Mr. Briggs next argues his conviction should be vacated because officers found the firearm during an unconstitutional search. He says the search violated his Fourth, Fifth, and Fourteenth Amendment rights because he didn't consent to the search, and officers lacked a search warrant. But this is not so—officers did obtain a search warrant for the vehicle. So the very premise of his argument crumbles and illustrates that he has no meritorious basis to challenge the search. The court must deny his request for *habeas corpus* relief.

In addition, Mr. Briggs waived these claims when he pleaded guilty. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *United States v. Turner*, 55 F.4th 1135, 1139 (7th Cir. 2022) ("defendant who enters an unconditional guilty plea waives all nonjurisdictional defects arising before his plea, including Fourth Amendment claims") (quotations and citation omitted).

C.     *Mr. Briggs Cannot Establish an Ineffective Assistance of Counsel Claim.*

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (collecting cases). To show a violation of this right, a defendant must establish that (1) his counsel's representation "fell below an objective standard of reasonableness," and (2) "but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

The law "presume[s] that counsel [was] effective, and a defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002). An attorney's representation "need not be perfect, indeed not even very good, to be constitutionally adequate." *Delatorre v. United States*, 847 F.3d 837, 845 (7th Cir. 2017) (quotation omitted).

Mr. Briggs says his counsel was ineffective for not raising the last two arguments. The law generally declines to second-guess the strategic choices of attorneys. *United States v. Pergler*, 233 F.3d 1005, 1009 (7th Cir. 2000). Lawyers don't have to make every argument available; they "cannot be faulted for eschewing the proverbial kitchen sink and instead focusing on arguments with better odds." *Lickers v. United States*, 98 F.4th 847, 857 (7th Cir. 2024). Trial counsel has no duty to raise a meritless or frivolous argument, *see Northern v. Boatwright*, 594 F.3d 555, 561 (7th Cir. 2010) (attorney "[o]bviously" not deficient for "failing to lodge a meritless objection"), and it would be a rarer case when he might be found deficient for failing to raise an inevitable or likely loser, *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003), *overruled on other grounds*, *Lockhart v. United States*, 577 U.S. 347 (2016).

Arguing that the vehicle's search was unconstitutional because officers lacked a search warrant when, in truth, they had such a warrant would be frivolous, so trial counsel wasn't ineffective for not making this argument, nor did this decision prejudice Mr. Briggs. Even assuming Mr. Briggs could characterize trial counsel's performance as deficient for declining to raise a *Bruen* challenge given the evolving nature of Second Amendment jurisprudence—a tough

road when most courts have found § 922(g)(1) constitutional—he has suffered no prejudice when the statute cannot be called unconstitutional as applied to him. Raising the argument would not have changed the outcome of his proceeding. The court thus denies his petition today.

D.    *Mr. Briggs's Juvenile Conviction Was Properly Pointed.*

Mr. Briggs argues his sentence is incorrect because he received three criminal history points for a conviction that he committed as a juvenile. This argument could have been raised on direct appeal as a challenge to the guideline calculation, and Mr. Briggs has not established cause or prejudice (or actual innocence) that would excuse his procedural default of this point. *See McCoy*, 815 F.3d at 295.

In addition, the argument lacks merit. Mr. Briggs cites an unspecified 2024 United States Sentencing Commission update that, he says, "cleared up" the proper application of juvenile offense points. The guidelines applicable at the time of his sentencing required the assessment of three points, for an offense committed before age 18, "[i]f the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.2(d)(1). That is exactly what happened here—consistent with the guidelines.

To the extent Mr. Briggs refers to the same argument he made in his first compassionate release motion that the court construed under Amendment 829, that guidance merely amended a policy statement to broaden the court's discretion to consider youthfulness or old age at the time of the offense or prior offenses in determining any variance. The amendment was not retroactive and did not alter the calculus for juvenile offense points. It offers no basis to grant *habeas corpus* relief today. The court thus denies his petition.

E.    *The Motion to Appoint Counsel is Denied.*

Mr. Briggs filed a motion to appoint counsel. "A section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel." *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Under 18 U.S.C. § 3006A(a)(2), the court may appoint counsel for a § 2255 petitioner if "the interests of justice so require." Here, Mr. Briggs has adequately articulated his claims. Additionally, these claims are straightforward, and counsel is not needed to augment them when they are futile. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1982) (discussing relevant factors for discretionary appointment of counsel). Accordingly, the court denies Mr. Briggs's request for counsel.

CERTIFICATE OF APPEALABILITY

Mr. Briggs fails to offer facts that, if proven, would entitle him to relief. As such, no hearing is necessary, and his petition is denied. See *Anderson v. United States*, 981 F.3d 565, 578 (7th Cir. 2020); *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must consider whether to grant or deny a certificate of appealability. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Cases. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). For the reasons given, reasonable jurists could not debate the conclusions today. The court thus denies a certificate of appealability.

CONCLUSION

The court DENIES Mr. Briggs's § 2255 petitions to vacate his sentence [54-55] and DENIES the motion to appoint counsel [53]. This order terminates the civil case [3:25cv36].

SO ORDERED.

June 20, 2025                                    _s/ Damon R. Leichty_
                                                Judge, United States District Court